UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICARDO J.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-cv-12289<br><br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 11, 12)**

## I. Introduction

Plaintiff Ricardo J. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 9; ECF No. 11; ECF No. 12.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of "chronic pain related to multilevel degenerative disc disease with cervical and lumbar disc

herniations resulting in right side lumbar radiculopathy and right side cervical radiculopathy, degenerative joint disease of the right knee and torn meniscus with obesity, disorders of the bilateral shoulders (torn right rotator cuff and damaged left anterior labrum), degenerative joint disease of the right hip/pelvis, and history of a gunshot wound to the right lower extremity and right foot drop, as well as generalized anxiety disorder (GAD), anxiety, depression, and post-traumatic stress disorder (PTSD)." ECF No. 6-1, PageID.57.

2. Plaintiff had no impairments that met or medically equaled a listed impairment. *Id.*, PageID.59.

3. Plaintiff had the residual functional capacity (RFC) to perform light work except: "The [plaintiff] is limited to occasional climbing of stairs, crouching, crawling, kneeling, and stooping/bending. He is limited to occasional balancing as defined in the Selected Characteristics of Occupations (SCO). The [plaintiff] must avoid workplace hazards such as dangerous, moving machinery and unprotected heights so he is not able to climb ladders, ropes, or scaffolding. He is not able to walk on uneven surfaces. The [plaintiff] is limited to frequent reaching with his bilateral upper extremities but can only occasionally reach overhead. He is able to understand, remember, and carry out simple instructions but he is not able to perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas." *Id.*, PageID.62.

Relying on the testimony from a vocational expert (VE), the ALJ found that there were jobs in significant numbers that plaintiff could perform, including positions as a router, collator operator, or inspector hand packager. *Id.*, PageID.68.

## II. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec*., 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs*., 25 F.3d 284, 286 (6th Cir.

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court denies plaintiff's motion and grants the Commissioner's.

**B.**

Plaintiff contends that the ALJ failed to adequately consider medical opinions from treating physician Allan Schwartz, M.D. ECF No. 11, PageID.1125-1131.

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a). "But the regulations only require ALJs to discuss the first two—supportability and consistency." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. §§ 404.1520c(c)(1), 416.920c(c)(1). An opinion that is more consistent with

the evidence from other medical sources and nonmedical sources is also more persuasive. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ accurately summarized multiple no-fault disability certificate forms completed by Dr. Schwartz. ECF No. 6-1, PageID.66. Dr. Schwartz stated in those forms that plaintiff could not work; do housework involving bending, lifting, twisting, or prolonged standing; or drive. *Id.*, PageID.732, 881-892, 995. He ordered driving services and four hours of attending care per day. *Id.* Those restrictions were effective from October 2023 through October 2024. *Id.* The ALJ found Dr. Schwartz's opinions unpersuasive because they lacked sufficient support and were inconsistent with other evidence.

> They are not supported by his notes or consistent with evidence from other clinicians. While he and other clinicians have noted abnormal spinal, weight, gait, and extremity findings, they consistently determined the [plaintiff] had normal balance, deep tendon reflexes, sensation, cardiac, and respiratory findings with no signs of distress or lower extremity edema.

*Id.*, PageID.66 (cleaned up).

Plaintiff contends that the ALJ's rationale is inadequate because she cited both abnormal and benign findings without further explaining how those findings aligned with Dr. Schwartz's opinions. ECF No. 11, PageID.126. Not so. Earlier in the opinion, the ALJ acknowledged that plaintiff experienced tenderness, decreased range of motion in the cervical

and lumbar spine and shoulder, reduced strength in his extremities, decreased gait cadence, and other abnormalities supporting the RFC restrictions. ECF No. 6-1, PageID.64. Yet the ALJ also explained that greater RFC limitations—such as those reflected in Dr. Schwartz's opinions—conflicted with medical evidence documenting benign findings. *Id.*, PageID.64-65.

The ALJ accurately noted that many providers observed that plaintiff had "normal gait, balance, deep tendon reflexes, sensation, and range of motion of the spine, bilateral knees, and bilateral shoulders." *Id.* (citing ECF No. 6-1, PageID.535, 555, 597, 602, 690, 787, 1045). The ALJ also noted an independent medical examiner's observations that plaintiff showed "evidence of decreased effort on examination" and that his "complaints were primarily subjective in nature." *Id.*, PageID.65 (citing ECF No. 6-1, PageID.1081, 1092). As the Commissioner argues, the ALJ found that the benign findings outweighed the abnormal findings. ECF No. 12, PageID.1139-1140.

Plaintiff contends that the above rationale amounts to a post-hoc rationalization for the ALJ's opinion. ECF No. 13, PageID.1145. True, "'in reviewing an ALJ's findings and conclusions, this Court shall not accept appellate counsel's post hoc rationalization for agency action in lieu of

accurate reasons and findings enunciated by the Board." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) (cleaned up). But a court must also read an ALJ's analysis in the context of the entire decision and may consider analysis in other sections of the decision. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 435 n.9 (6th Cir. 2014); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). The ALJ's rationale for finding Dr. Schwartz's opinion unpersuasive is clear when read in the context of her earlier discussion summarized above.

Plaintiff highlights Dr. Schwartz's abnormal physical examination findings supporting his opinions. ECF No. 11, PageID.1127-1128 (citing ECF No. 6-1, PageID.853, 855, 857, 859, 861). Citing some of those records, the ALJ acknowledged Dr. Schwartz's abnormal findings but offered an adequately supported explanation for finding his opinions unpersuasive. ECF No. 6-1, PageID.64, 66. As noted above, this Court may not reweigh the evidence even if the records plaintiff cites could support a conclusion different from the ALJ's. *Hatmaker*, 965 F. Supp. 2d at 930; *Cutlip*, 25 F.3d at 286; *see also Nicholas C. v. Comm'r of Soc. Sec.*, No. 24-cv-10284, 2025 WL 495552, at *6 (E.D. Mich. Feb. 13, 2025) (noting that plaintiff's argument citing countervailing medical records impermissibly asked the court to reweigh the evidence).

Last, plaintiff incorrectly argues that the ALJ ignored imaging reports, including April 2024 MRIs of his cervical and lumbar spine. ECF No. 11, PageID.1129 (citing ECF No. 6-1, PageID.702, 793-794). But the ALJ expressly noted that “October 2023 and April 2024 magnetic resonance images (MRIs) of the cervical and lumbar spine also showed multilevel degenerative changes in these areas.” ECF No. 6-1, PageID.64 (citing ECF No. 6-1, PageID.791-792, 794, 1024-1027, 1073-1074). The ALJ also discussed April 2024 EMGs and an MRI of plaintiff’s shoulders. *Id.* (citing ECF No. 6-1, PageID.789, 796-799, 814-816, 1040-1043, 1047-1048). Plaintiff does not contend that the ALJ’s evaluation of these records is flawed. Rather, he again asks the Court to reweigh the evidence to arrive at a different conclusion.

## III. Conclusion

The Court **DENIES** plaintiff’s motion for summary judgment (ECF No. 11), **GRANTS** the Commissioner’s motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ’s decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 16, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager